```
DUPRÉ LAW FIRM
Ben E. Dupré (SBN 231191)
1400 Coleman Ave. Suite D12
Santa Clara, California 95112
Telephone: 408.874.5300
Facsimile: 408.727.5310

Attorney for Plaintiff
DERRELL SMITH
```

FILED



2007 AUG 23 P 1: 15

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

DERRELL SMITH,

    Plaintiff,

vs.

INTERNATIONAL RECOVERY SYSTEMS, INC., PULSONIC, INC.

    Defendants.

Case No. C07-04356 HRL

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy. Existing laws and procedures for redressing these injuries are inadequate to protect consumers. Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse." 15 U.S.C. § 1692(a-e). Defendants in the case at bar have engaged in the type of abusive, deceptive and unfair practices that Congress sought to eliminate. As such, this is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

4. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

5. Plaintiff, Derrell Smith (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

6. Defendant, INTERNATIONAL RECOVERY SERVICES, INC. (hereinafter "INTERNATIONAL RECOVERY") is a corporation in the State of California and regularly engages in the collections of debt with a principal place of business of 1562 Parkway Loop, Suite D, Tustin, CA 92780. Defendant INTERNATIONAL RECOVERY may be served as

follows: Julian Dopeso, 1562 Parkway Loop, Suite D, Tustin, CA 92780. The principal business of Defendant INTERNATIONAL RECOVERY is the collection of debts using the mails and phone and Defendant INTERNATIONAL RECOVERY regularly attempts to collect debts alleged to be due another. Defendant INTERNATIONAL RECOVERY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Defendant INTERNATIONAL RECOVERY is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

7.   Defendant, PULSONIC, INC. (hereinafter "PULSONIC") is a corporation in the State of California and regularly engages in the collections of debt with a principal place of business of 1562 Parkway Loop, Suite D, Tustin, CA 92780. Defendant PULSONIC may be served as follows: Julian Dopeso, 1562 Parkway Loop, Suite D, Tustin, CA 92780. The principal business of Defendant PULSONIC is the collection of debts using the mails and phone and Defendant PULSONIC regularly attempts to collect debts alleged to be due another. Defendant PULSONIC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2. Defendant PULSONIC is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

8.   Plaintiff alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

9.   Any reference hereinafter to "Defendant" or "Defendants", without further qualification is meant by the Plaintiff to refer to each Defendant named above.

### VI. FACTUAL ALLEGATIONS

10.   On or about January 29, 2007, Plaintiff incurred a consumer debt for medical services to South Bay Chiropractic ("South Bay"). The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. On or about February 13, 2007, Plaintiff received a collection letter from South Bay indicating among other things that the total balance owed was $220.00. The collection letter reads in part:

**TOTAL AMOUNT DUE:**      **$220.00**

12. On or about February 23, 2007, Plaintiff received a second collection letter from South Bay indicating that the balance of $220.00 remains unpaid. The collection letter reads in part:

**TOTAL AMOUNT DUE:**      **$220.00**

13. On March 5, 2007, Plaintiff received a third collection letter from South Bay indicating that the balance of $220.00 remained unpaid. The collection letter reads in part:

**TOTAL AMOUNT DUE:**      **$220.00**

14. South Bay Chiropractic went on to inform Plaintiff:

> "This is the third and final letter being sent to you. Unless the amount due is paid by March 16, 2007, we will be obliged to refer the account to our attorney for collection."

15. Plaintiff is informed and believes, and thereon alleges that sometime on or before March 16, 2007, the debt was consigned or otherwise transferred to Defendants for collection from the Plaintiff.

16. Thereafter Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. The collection letter is dated March 16, 2007.

18. The March 16, 2007 collection letter was the first communication with the International Recovery Systems, Inc. letterhead from Defendant to Plaintiff in connection with the collection of the debt originally owed to South Bay Chiropractic.

19. The March 16, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A**

**COLLECTION AGENCY**

20. The March 16, 2007 collection letter contains a shaded box, which in it reads: "A good credit report takes years to build. Don't jeopardize yours."

21. The March 16, 2007 collection letter references: "Services Provider Creditor: South Bay Chiropractic."

22. The collection letter represented that the amount owed by the Plaintiff was $320.00.

23. Plaintiff is informed and believes, and thereon alleges that the amount claimed by the Defendants to be owed included interest, fees or other charges that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

24. The body of the March 16, 2007 collection letter states in part:

> 2. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days that the debt or any portion thereof is disputed, this office will obtain verification of the debt and mail you a copy of such verification.

25. The bottom of the March 16, 2007 collection letter states that:

> "If your check is returned with non sufficient funds, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)".

26. The collection letter failed to provide the required notice as specified in Cal. Civil Code § 1812.700(a).

27. Defendants misled Plaintiff and falsely represented Civil Code § 1719, which does not authorize Defendants to charge a fee of up to three times the amount of the check, as such code provision, if applicable, is limited to $1,500.

28. The March 16, 2007 letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action, and credit reporting.

29. The March 16, 2007 collection letter failed to provide Plaintiff with a proper validation notice required by 15 U.S.C. § 1692g.

30. Defendants' failure to provide proper notice to consumers of their rights violated federal law pursuant to 15 U.S.C. §§ 1692e(10), 1692f and 1692g.

31. The March 16, 2007 letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

32. The March 16, 2007 letter created a false sense of urgency.

33. On or about April 13, 2007, Defendants sent another collection letter to Plaintiff, in an attempt to collect a debt or collect payment on a debt.

34. The April 13, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A COLLECTION AGENCY**

35. The April 13, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build. Don't jeopardize yours."

36. The April 13, 2007 collection letter references the following: Services Provider Creditor: South Bay Chiropractic.

37. The April 13, 2007 collection letter states in part:

**Pay this Amount: $320.00**

38. The bottom of the April 13, 2007 collection letter states that:

> "If your check is returned with non sufficient funds, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)."

39. The April 13, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

40. The April 13, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

41. The April 13, 2007 collection letter misstated and misrepresents California Civil Code § 1719.

42. The April 13, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

43. On or about June 19, 2007, Defendants sent a third collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt.

44. The June 19, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A COLLECTION AGENCY**

45. The June 19, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build. Don't jeopardize yours."

46. The June 19, 2007 collection letter states in part:

**Pay this Amount:**          $370.00

47. The June 19, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

48. The June 19, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

49. The June 19, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

50. On or about July 3, 2007, Defendants sent a fourth collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt.

51. The July 3, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A COLLECTION AGENCY**

52. The July 3, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build. Don't jeopardize yours."

53. The July 3, 2007 collection letter states in part:

**Pay this Amount:**          $395.00

54. The bottom of the collection letter states that:

> "If your check is returned with non sufficient funds, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)."

55. The July 3, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

COMPLAINT FOR DERRELL SMITH                                                                 7

56. The July 3, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

57. The July 3, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

58. The July 3, 2007 collection letter misstated and misrepresents California Civil Code § 1719.

59. On or about July 24, 2007, Defendants sent a fifth collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt.

60. The July 24, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build. Don't jeopardize yours."

61. The July 24, 2007 collection letter states in part:

**Current Past Due Balance**     $395.00

**Settlement Balance:**     $237.00

62. The July 24, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

63. The July 24, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

64. The July 24, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

## VII. CLAIMS
### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

65. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

66. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 68 above.

67. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

68. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

69. The financial obligation originally owed to South Bay Chiropractic is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

70. The collection letters described above violates the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants used false, deceptive, or misleading representations in connection with the collection of the debt, in violation of § 1692e.

    b. Defendants falsely represented the amount of the debt, in violation of § 1692e(2).

    c. Defendants falsely represented the return check fee liability limitations, in violation of § 1692f(1).

    d. Defendants failed to provide the entire 1692g(a)(4) notice in its initial communication with Plaintiff.

    e. Defendants failed to send the Plaintiff a written notice containing the statement that upon the consumer's written request within the thirty-day period, the debt collector will provided the consumer with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(5).

    f. Defendants unlawfully attempted to collect from Plaintiff an amount that was not expressly authorized by the agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1).

    g. Defendants used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

71. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

72. As a result of the Defendants' violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

///

///

COMPLAINT FOR DERRELL SMITH    9

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

73. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

74. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 76 above.

75. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

76. Defendants, are a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

77. The financial obligation originally owed to South Bay Chiropractic by the Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal Civil Code § 1788.2(f).

78. The collection letters described above violates the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendants used false, deceptive, or misleading representations in connection with the collection of the debt, in violation of § 1692e, as incorporated by Cal. Civil Code § 1788.17;

   b. Defendants falsely represented the amount of the debt, in violation of § 1692e(2), as incorporated by Cal. Civil Code § 1788.17;

   c. Defendants falsely represented the return check fee liability limitations, in violation of § 1692f(1), as incorporated by Cal. Civil Code § 1788.17

   d. Defendants failed to send the Plaintiff a written notice containing the statement that the debt collector "will obtain…" a copy of a judgment against the consumer…", in violation of § 1692g, as incorporated by Cal. Civil Code § 1788.17;

   e. Defendants failed to send the Plaintiff a written notice containing the statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(5), as incorporated by Cal. Civil Code § 1788.17;

    f. Defendants unlawfully attempted to collect from Plaintiff an amount that was not expressly authorized by the agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1), as incorporated by Cal. Civil Code § 1788.17; and

    g. Defendants used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, as incorporated by Cal. Civil Code § 1788.17

79. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

80. As a result of the Defendants' willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

81. As a result of the Defendants' violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

82. As a result of Defendants' violations of the RFDCPA the Plaitniff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

83. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## CALIFORNIA CONSUMER COLLECTION NOTICE

84. Plaintiff brings the third claim for relief against Defendants under California Civil Code §§ 1812.700-1812.702.

85. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 87 above.

86. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

87. Defendants are a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

88. The financial obligation originally owed to South Bay Chiropractic is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

89. Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to Plaintiff.

90. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

91. As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b), as incorporated by Cal. Civil Code § 1812.702.

92. As a result of the Defendants' violations of Cal. Civil Code § 1812.700(a), the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §§ 1788.17 and 1812.702.

93. As a result of the Defendants' violations of Cal. Civil Code § 1812.700(a) the Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §§ 1788.17 and 1812.702.

94. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the Cal. Civil Code § 1788.30(c) and Cal. Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

95. The Plaintiff requests that this Court:

   a. Assume jurisdiction in this proceeding;

   b. Declare that Defendants' collection letters violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5), 1692e, 1692e(2), 1692f, and 1692f(1).
   c. Declare that Defendant's collection letters violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;
   d. Declare that Defendant's collection letters violates Cal. Civil Code 1812.700(a) in that it does not contain the required "Consumer Disclosure Notice";
   e. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   f. Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);
   g. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;
   h. Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b), as incorporated by Cal. Civil Code § 1812.702;
   i. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §§ 1788.17 and 1812.702;
   j. Award the Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and
   k. Award the Plaintiff such other and further relief as may be just and proper.

DUPRÉ LAW FIRM

By: /s/ Ben E. Dupré
Ben E. Dupré
Attorney for Plaintiff
DARREL SMITH

COMPLAINT FOR DERRELL SMITH                                                                     13

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Ben E. Dupre
Ben E. Dupre, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Kimberly Cox, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Ben E. Dupre
Ben E. Dupre
Attorney for Plaintiff

COMPLAINT FOR DERRELL SMITH                                                      14