# DUPRÉ LAW FIRM

1400 COLEMAN AVE., SUITE D-12
SANTA CLARA , CALIFORNIA 95050

Ben E. Dupré
duprelaw@gmail.com

TEL: 408.874.5300
FAX: 408.727.5310

---

**FOR SETTLEMENT PURPOSES ONLY
(CALIFORNIA EVIDENCE CODE §1152)**

August 27, 2007


International Recovery Systems, Inc.
Pulsonic, Inc.
1562 Parkway Loop, Suite D
Tustin, California 92780

Re:    Derrell Smith v. International Recovery Systems, Inc. et al.
       Case No. C07-04356 HRL

To Whom It May Concern:

        I represent Mr. Smith  in an action that has been filed against your corporation.  I am writing to inquire whether you are interested in reaching an early resolution to this matter.  Please read the complaint and review the exhibit attached at the end of the complaint.

        I encourage you to speak with an attorney to receive a legal opinion concerning the merits of this complaint.  My intent on writing this letter is to avoid as much legal costs to both parties.  As such, if we reach an early agreement your corporation can avoid any unnecessary legal expenses.  If you are amenable to this please call me at the number listed above Thank you for your time and attention to this matter.


Very truly yours,


*Ben E Dupré*

Ben E. Dupre, Esq.
Attorney for Derrell Smith

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

DERRELL SMITH

**v.**

INTERNATIONAL RECOVERY SYSTEMS, INC.;
PULSONIC, INC.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

C07   04356 HRL

TO: (Name and address of defendant)

PULSONIC, INC.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

DUPRE LAW FIRM
Ben E. Dupre, Esq.
1400 Coleman Ave., Suite D12
Santa Clara, California 95050

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE 8·23·07

(BY) DEPUTY CLERK

SANDY MORRIS

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA



DERRELL SMITH

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.

INTERNATIONAL RECOVERY SYSTEMS, INC.;
PULSONIC, INC.

C07    04356 HRL

TO: (Name and address of defendant)

INTERNATIONAL RECOVERY SYSTEMS, INC.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

DUPRE LAW FIRM
Ben E. Dupre, Esq.
1400 Coleman Ave., Suite D12
Santa Clara, CA 95050

an answer to the complaint which is herewith served upon you, within ʒ೦ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE 8·23·07

(BY) DEPUTY CLERK

SANDY MORRIS

DUPRÉ LAW FIRM
Ben E. Dupré (SBN 231191)
1400 Coleman Ave. Suite D12
Santa Clara, California 95112
Telephone: 408.874.5300
Facsimile: 408.727.5310

Attorney for Plaintiff
DERRELL SMITH

ORIGINAL
FILED

07 AUG 23 PM 1:16

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA S J



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

DERRELL SMITH                          Case No.  C07  04356  HRL

          Plaintiff,

     vs.                                **COMPLAINT**

INTERNATIONAL RECOVERY SYSTEMS,        **DEMAND FOR JURY TRIAL**

INC., PULSONIC, INC.

          Defendants.

## I. INTRODUCTION

1.    Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy. Existing laws and procedures for redressing these injuries are inadequate to protect consumers. Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that

those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse." 15 U.S.C. § 1692(a-e).  Defendants in the case at bar have

engaged in the type of abusive, deceptive and unfair practices that Congress sought to

eliminate.  As such, this is an action for actual damages, statutory damages, attorney fees and

costs brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt

Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

## II.  JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1337, and

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.  VENUE

3.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

substantial part of the events or omissions giving rise to the claim occurred in this judicial

district.

## IV. INTRADISTRICT ASSIGNMENT

4.    This lawsuit should be assigned to the San Jose Division of this Court because a

substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa

Clara County.

## V. PARTIES

5.    Plaintiff, Derrell Smith (hereinafter "Plaintiff"), is a natural person residing in Santa Clara

County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a

"debtor" within the meaning of Cal. Civil Code § 1788.2(h).

6.    Defendant, INTERNATIONAL RECOVERY SERVICES, INC.  (hereinafter

"INTERNATIONAL RECOVERY") is a corporation in the State of California and regularly

engages in the collections of debt with a principal place of business of 1562 Parkway Loop,

Suite D, Tustin, CA 92780.  Defendant INTERNATIONAL RECOVERY may be served as

follows: Julian Dopeso, 1562 Parkway Loop, Suite D, Tustin, CA 92780.  The principal

business of Defendant INTERNATIONAL RECOVERY is the collection of debts using the

mails and phone and Defendant INTERNATIONAL RECOVERY regularly attempts to collect

debts alleged to be due another.  Defendant INTERNATIONAL RECOVERY  is a "debt

collector" within the meaning of 15 U.S.C. § 1692a(6).  Defendant INTERNATIONAL

RECOVERY is a third-party debt collector subject to the federal Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 et seq.

7.    Defendant, PULSONIC, INC. (hereinafter "PULSONIC") is a corporation in the State of

California and regularly engages in the collections of debt with a principal place of business of

1562 Parkway Loop, Suite D, Tustin, CA 92780.  Defendant PULSONIC may be served as

follows: Julian Dopeso, 1562 Parkway Loop, Suite D, Tustin, CA 92780.  The principal

business of Defendant PULSONIC is the collection of debts using the mails and phone and

Defendant PULSONIC regularly attempts to collect debts alleged to be due another.  Defendant

PULSONIC  is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil

Code § 1788.2.  Defendant PULSONIC is a third-party debt collector subject to the federal Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

8.    Plaintiff alleges that at all times herein mentioned, each of the Defendants was, and is

now, the agent, servant, employee and/or other representative of the other Defendants, and in

doing the things herein alleged, was acting in the scope, purpose and authority of such agency,

service employment, and/or representative capacity with the permission, knowledge, consent

and ratification of the other Defendants.

9.    Any reference hereinafter to "Defendant" or "Defendants", without further qualification is

meant by the Plaintiff to refer to each Defendant named above.

## VI. FACTUAL ALLEGATIONS

10.    On or about January 29, 2007, Plaintiff incurred a consumer debt for medical services to

South Bay Chiropractic ("South Bay").  The alleged debt was primarily for personal, family or

household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5)

and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11.   On or about February 13, 2007, Plaintiff received a collection letter from South Bay indicating among other things that the total balance owed was $220.00.  The collection letter reads in part:

**TOTAL AMOUNT DUE:        $220.00**

12.   On or about February 23, 2007, Plaintiff received a second collection letter from South Bay indicating that the balance of $220.00 remains unpaid.  The collection letter reads in part:

**TOTAL AMOUNT DUE:        $220.00**

13.   On March 5, 2007, Plaintiff received a third collection letter from South Bay indicating that the balance of $220.00 remained unpaid.  The collection letter reads in part:

**TOTAL AMOUNT DUE:        $220.00**

14.   South Bay Chiropractic went on to inform Plaintiff:

> **"This is the third and final letter being sent to
> you.  Unless the amount due is paid by March
> 16, 2007, we will be obliged to refer the account
> to our attorney for collection."**

15.   Plaintiff is informed and believes, and thereon alleges that sometime on or before March 16, 2007, the debt was consigned or otherwise transferred to Defendants for collection from the Plaintiff.

16.   Thereafter Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.   The collection letter is dated March 16, 2007.

18.   The March 16, 2007 collection letter was the first communication with the International Recovery Systems, Inc. letterhead from Defendant to Plaintiff in connection with the collection of the debt originally owed to South Bay Chiropractic.

19.   The March 16, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A**

**COLLECTION AGENCY**

COMPLAINT FOR DERRELL SMITH                                                                              4

20.    The March 16, 2007 collection letter contains a shaded box, which in it reads: "A good credit report takes years to build.  Don't jeopardize yours."

21.    The March 16, 2007 collection letter references: "Services Provider Creditor: South Bay Chiropractic."

22.    The collection letter represented that the amount owed by the Plaintiff was $320.00.

23.    Plaintiff is informed and believes, and thereon alleges that the amount claimed by the Defendants to be owed included interest, fees or other charges that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

24.    The body of the March 16, 2007 collection letter states in part:

> 2.    Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days that the debt or any portion thereof is disputed, this office will obtain verification of the debt and mail you a copy of such verification.

25.    The bottom of the March 16, 2007 collection letter states that:

> "If your check is returned with non sufficient funds, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)".

26.    The collection letter failed to provide the required notice as specified in Cal. Civil Code § 1812.700(a).

27.    Defendants misled Plaintiff and falsely represented Civil Code § 1719, which does not authorize Defendants to charge a fee of up to three times the amount of the check, as such code provision, if applicable, is limited to $1,500.

28.    The March 16, 2007 letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action, and credit reporting.

29.    The March 16, 2007 collection letter failed to provide Plaintiff with a proper validation notice required by 15 U.S.C. § 1692g.

30.    Defendants' failure to provide proper notice to consumers of their rights violated federal law pursuant to 15 U.S.C. §§ 1692e(10), 1692f and 1692g.

31.    The March 16, 2007 letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

32.    The March 16, 2007 letter created a false sense of urgency.

33.    On or about April 13, 2007, Defendants sent another collection letter to Plaintiff, in an attempt to collect a debt or collect payment on a debt.

34.    The April 13, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A
COLLECTION AGENCY**

35.    The April 13, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build.  Don't jeopardize yours."

36.    The April 13, 2007 collection letter references the following:  Services Provider Creditor: South Bay Chiropractic.

37.    The April 13, 2007 collection letter states in part:

**Pay this Amount:              $320.00**

38.    The bottom of the April 13, 2007 collection letter states that:

> "If your check is returned with non sufficient funds, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)."

39.    The April 13, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

40.    The April 13, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

41.    The April 13, 2007 collection letter misstated and misrepresents California Civil Code § 1719.

42.    The April 13, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

43.    On or about June 19, 2007, Defendants sent a third collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt.

44.    The June 19, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A
COLLECTION AGENCY**

45.    The June 19, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build.  Don't jeopardize yours."

46.    The June 19, 2007 collection letter states in part:

**Pay this Amount:            $370.00**

47.    The June 19, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

48.    The June 19, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

49.    The June 19, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

50.    On or about July 3, 2007, Defendants sent a fourth collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt.

51.    The July 3, 2007 collection letter contains a header that reads:

**WARNING!! THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

**INTERNATIONAL RECOVERY SYSTEMS, INC. IS A
COLLECTION AGENCY**

52.    The July 3, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build.  Don't jeopardize yours."

53.    The July 3, 2007 collection letter states in part:

**Pay this Amount:            $395.00**

54.    The bottom of the collection letter states that:

"If your check is returned with non sufficient funds, you may be liable for $25 or three times the amount of the check, whichever is greater, in accordance with Sec. 1719 (Chapter 522, California Civil Code 1983)."

55.    The July 3, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

COMPLAINT FOR DERRELL SMITH                                                                                7

56.     The July 3, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

57.     The July 3, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

58.     The July 3, 2007 collection letter misstated and misrepresents California Civil Code § 1719.

59.     On or about July 24, 2007, Defendants sent a fifth collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt.

60.     The July 24, 2007 collection letter contains a shaded box, which reads: "A good credit report takes years to build.  Don't jeopardize yours."

61.     The July 24, 2007 collection letter states in part:

**Current Past Due Balance          $395.00**

**Settlement Balance:                    $237.00**

62.     The July 24, 2007 collection letter falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action and credit reporting.

63.     The July 24, 2007 collection letter contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

64.     The July 24, 2007 collection letter attempts to collect an amount not permitted under the agreement or authorized by law.

### VII.  CLAIMS

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

65.      Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

66.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 68 above.

67.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

68.     Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

COMPLAINT FOR DERRELL SMITH

69.    The financial obligation originally owed to South Bay Chiropractic is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

70.    The collection letters described above violates the FDCPA.  The violations include, but are not limited to, the following:

   a.    Defendants used false, deceptive, or misleading representations in connection with the collection of the debt, in violation of § 1692e.

   b.    Defendants falsely represented the amount of the debt, in violation of § 1692e(2).

   c.    Defendants falsely represented the return check fee liability limitations, in violation of § 1692f(1).

   d.    Defendants failed to provide the entire 1692g(a)(4) notice in its initial communication with Plaintiff.

   e.    Defendants failed to send the Plaintiff a written notice containing the statement that upon the consumer's written request within the thirty-day period, the debt collector will provided the consumer with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(5).

   f.    Defendants unlawfully attempted to collect from Plaintiff an amount that was not expressly authorized by the agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1).

   g.    Defendants used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

71.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

72.    As a result of the Defendants' violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

/ / /

/ / /

COMPLAINT FOR DERRELL SMITH                                                                9

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

73.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

74.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 76 above.

75.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

76.    Defendants, are a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

77.     The financial obligation originally owed to South Bay Chiropractic by the Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal Civil Code § 1788.2(f).

78.    The collection letters described above violates the RFDCPA.  The violations include, but are not limited to, the following:

   a.   Defendants used false, deceptive, or misleading representations in connection with the collection of the debt, in violation of § 1692e, as incorporated by Cal. Civil Code § 1788.17;

   b.   Defendants falsely represented the amount of the debt, in violation of § 1692e(2), as incorporated by Cal. Civil Code § 1788.17;

   c.   Defendants falsely represented the return check fee liability limitations, in violation of § 1692f(1),  as incorporated by Cal. Civil Code § 1788.17

   d.   Defendants failed to send the Plaintiff a written notice containing the statement that the debt collector "will obtain…"a copy of a judgment against the consumer…", in violation of § 1692g, as incorporated by Cal. Civil Code § 1788.17;

   e.   Defendants failed to send the Plaintiff a written notice containing the statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(5) , as incorporated by Cal. Civil Code § 1788.17;

COMPLAINT FOR DERRELL SMITH

- -

f.    Defendants unlawfully attempted to collect from Plaintiff an amount that was not expressly authorized by the agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1), as incorporated by Cal. Civil Code § 1788.17; and

g.    Defendants used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f , as incorporated by Cal. Civil Code § 1788.17

79.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

80.    As a result of the Defendants' willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

81.    As a result of the Defendants' violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

82.    As a result of Defendants' violations of the RFDCPA the Plaitniff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

83.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**CALIFORNIA CONSUMER COLLECTION NOTICE**

84.    Plaintiff brings the third claim for relief against Defendants under California Civil Code §§ 1812.700-1812.702.

85.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 87 above.

86.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

COMPLAINT FOR DERRELL SMITH                                                                              11

87.     Defendants are a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

88.     The financial obligation originally owed to South Bay Chiropractic is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

89.     Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to Plaintiff.

90.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

91.     As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b), as incorporated by Cal. Civil Code § 1812.702.

92.     As a result of the Defendants' violations of Cal. Civil Code § 1812.700(a), the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §§ 1788.17 and 1812.702.

93.     As a result of the Defendants' violations of Cal. Civil Code § 1812.700(a) the Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §§ 1788.17 and 1812.702.

94.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the Cal. Civil Code § 1788.30(c) and Cal. Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

95.     The Plaintiff requests that this Court:

      a.     Assume jurisdiction in this proceeding;

COMPLAINT FOR DERRELL SMITH

b.  Declare that Defendants' collection letters violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5), 1692e, 1692e(2), 1692f; and 1692f(1).

c.  Declare that Defendant's collection letters violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d.  Declare that Defendant's collection letters violates Cal. Civil Code 1812.700(a) in that it does not contain the required "Consumer Disclosure Notice";

e.  Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f.  Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

g.  Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

h.  Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b), as incorporated by Cal. Civil Code § 1812.702;

i.  Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §§ 1788.17 and 1812.702;

j.  Award the Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

k.  Award the Plaintiff such other and further relief as may be just and proper.


                                        DUPRÉ LAW FIRM


                                        By: /s/ Ben E. Dupré
                                        Ben E. Dupré
                                        Attorney for Plaintiff
                                        DARREL SMITH

COMPLAINT FOR DERRELL SMITH                                              13

1

2
## **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

3
Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

4
named parties, there is no such interest to report.

5

6
/s/ Ben E. Dupre

7
Ben E. Dupre, Esq.
Attorney for Plaintiff

8

9
## **DEMAND FOR JURY TRIAL**

10
PLEASE TAKE NOTICE that Plaintiff, Kimberly Cox, hereby demands a trial by jury of

11
all triable issues of fact in the above-captioned case.

12

13
/s/ Ben E. Dupre

14
Ben E. Dupre
Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DERRELL SMITH

14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

DERRELL SMITH,

    Plaintiff(s),

v.

INTERNATIONAL RECOVERY
SYSTEMS, INC., ET AL,
    Defendant(s).

07 AUG 23 PM 1:21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA S

No. C 07-04356 HRL

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 8/23/2007 | Complaint filed | |
| 11/13/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 11/27/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 12/4/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil L.R. 16-10 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only

2    after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available

3    date.

4    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for

5    hearing on any Tuesday at 10:00 a.m.

6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for

7    hearing on any Wednesday at 9:30 a.m.

8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for

9    hearing on any Tuesday at 10:00 a.m.

10    Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be

11    held on _____ at _____, at the United States Courthouse, 280

12    South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil

13    L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with

15    their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8

16    and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the

17    Case Management Conference and good faith compliance with the requirements of this Order are essential

18    elements of effective case management. Failure to meet and confer, to be prepared for the Case Management

19    Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but

20    are not required, to attend the Case Management Conference.

21    In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,

22    the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by

23    the close of the next court day following the day the papers are filed electronically. These printed copies shall be

24    marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the

25    judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document

26    with the Clerk's Office that has already been filed electronically.

27    IT IS SO ORDERED.

28    Dated: Effective on the date this order is filed, until further court order.

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

1

2

3

4
James Ware
United States District Judge

5

6

7

8
Ronald M. Whyte
United States District Judge

9

10

11
Jeremy Fogel
United States District Judge

12

13

14

15
Patricia V. Trumbull
United States Chief Magistrate Judge

16

17

18

19
Richard Seeborg
United States Magistrate Judge

20

21

22
Howard R. Lloyd
United States Magistrate Judge

23

24

25

26

27

28

3

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**<u>Submitting Initiating Documents</u>**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**<u>Converting Documents to PDF</u>**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**<u>Email Guidelines</u>:** When sending an email to the court, the subject line of the email **<u>must</u>** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

## NOTICE OF ELECTRONIC AVAILABILITY
## OF CASE FILE INFORMATION

The Office of the Clerk is now accepting many electronically filed documents and making the content of these documents available on the court's Internet website via PACER. Any subscriber to PACER will be able to read, download, store and print the full content of electronically filed documents. The Clerk's Office will not make electronically available documents that have been sealed or otherwise restricted by court order.

In response to the increased online accessibility of court documents, the judges of the Northern District recently adopted General Order No. 53, a copy of which is attached.

Counsel are strongly urged to share a copy of General Order No. 53 with all clients so that an informed decision about the inclusion, redaction and/or exclusion of certain materials may be made. It is the sole responsibility of counsel and the parties to be sure that all documents comply with General Order No. 53. The clerk will not review documents for redaction.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been assigned for all purposes to the Magistrate Judge whose initials appear following your case number.

In accordance with Title 28 U.S.C. 636( c ), with written consent of all parties, this magistrate judge shall conduct any and all proceedings in this case, including a jury or non-jury trial and entry of final judgment. An appeal from a judgment entered by magistrate judge may be taken directly to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court. You may, however, without adverse consequences, decline to consent to the assignment of the magistrate judge for all purposes. Both a consent form and a declination form have been provided to you. Please complete the form that corresponds to your choice and promptly return to the Court.

In the event that you decline the assignment of the magistrate judge for all purposes, in accordance with Title 28 U.S.C. 636 (b)(1)(a) and General Order 44, that magistrate judge nevertheless has been designated to and will hear and determine pretrial matters not dispositive of a claim or defense.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rule of Civil Procedure 4 and 5.

FOR THE COURT;
RICHARD W. WIEKING, CLERK

By_____
Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

                Plaintiff(s),

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

    v.

                Defendant(s).
_____/

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

    In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

No. C

12

Plaintiff(s),

**DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND**

13

v.

14

**REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE**

15

Defendant(s).

16

_____/

17

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

18

The undersigned party hereby declines to consent to the assignment of this case to a United

19

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

20

a United States District Judge.

21
22

Dated: _____

Signature_____

23
24

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES

1.    In cases that are randomly assigned to Judge Lloyd for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

2.    The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3.    Parties with questions regarding scheduling (excluding settlement conferences) should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4.    A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 2, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without Court approval.

5.    Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement. For the required format and contents of this filing, follow the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement." If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

6.    Discovery motions may be addressed to the Court in three ways. First, a motion may be noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Second, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. Finally, in emergencies during discovery events (such as depositions), any party may contact the Court to ask if the Judge is available to address the problem pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged from attaching letters

between counsel as exhibits to discovery motions.

7.    Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: August 22, 2002
       Amended February 26, 2007

HOWARD R. LLOYD
United States Magistrate Judge

## GENERAL ORDER NO. 53

### PRIVACY

**A. Personal Identifiers.**

In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (PL 107-347), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or must redact where inclusion is necessary, the following personal data identifiers from all pleadings and other papers filed with the Court in civil actions, including exhibits thereto, whether filed electronically or in paper , unless otherwise ordered by the Court, pursuant to B., below.

> **1. Social Security numbers.** If an individual's social security number must be included in a pleading or other paper, only the last four digits of that number should be used.

> **2. Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

> **3. Dates of birth.** If an individual's date of birth must be included in a pleading or other paper, only the year should be used.

> **4. Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

**B. Filing.**

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal by following the procedures prescribed in Civil L.R. 79-5. This document shall be retained by the Court as part of the record. The party must file a redacted copy for the public file.

**C. Responsibility.**

The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading or other paper for compliance with this general order.

ADOPTED BY THE COURT: May 21, 2002          FOR THE COURT:
AMENDED: April 15, 2003

                                   /S/ Marilyn Hall Patel
                                   Marilyn Hall Patel
                                   Chief Judge

GENERAL ORDER NO. 40

PROHIBITION OF BIAS

Prologue

The Court is committed to ensuring that all forms of bias and prejudice are eliminated from the practice of law in our district. Accordingly, the Court enacts the following General Order and shall amend its local rules to implement the policy set forth herein. It should be noted that the General Order is intended to govern the conduct of attorneys and litigants since existing law already places a duty of fair treatment on judges and court employees. While the enforcement procedures set forth in paragraphs (2) through (6) apply only to attorneys, paragraph (1) calls upon all participants involved in court business to treat all individuals with respect and courtesy.

Duties and Procedures

(1)  The practice of law before the United States District Court for the Northern District of California must be free from prejudice and bias in any form.  Treatment free of bias must be accorded all other attorneys, litigants, judicial officers, court-room jurors or support personnel.  The duty to exercise nonbiased behavior includes the responsibility to avoid comment or behavior manifesting prejudice or bias toward another.  This duty is owed by all attorneys, judges, judicial officers and court personnel in connection with cases pending before the district court.

(2)    The purpose of the facilitation process set forth herein shall be principally to promote understanding and education through voluntary peer review of biased behavior.  To implement the policy set forth in paragraph (1), the Court shall appoint a committee of attorneys practicing in the Northern District to constitute the Advisory Committee on Professional Conduct ("the Committee").  The roster of the Committee shall remain on file with the Clerk of the Court.  It shall be the responsibility of the Committee, serving at the discretion of the Court as an advisory adjunct, to hear complaints of biased behavior and to provide a forum for the voluntary resolution of conflicts of this nature.

(3)    Upon being directly notified of an alleged violation of paragraph (1) or upon referral from the Court, the chair of the Committee shall, after consultation with the complaining party, appoint a member of the Committee or other appropriate, neutral facilitator who shall provide the parties a copy of this rule, and then attempt to facilitate a resolution of the matter.  When deemed necessary in a particular case by the Committee, the chair of the Committee may appoint a facilitator who is not on the roster.  Participation by the parties shall be voluntary, but the Court, by this rule, encourages participation.  All matters that are the subject of facilitation, including the names of the parties, shall remain absolutely confidential.

(4)    Attorneys are encouraged to resolve alleged violations of paragraph (1) informally, without resort to the processes set forth

2

herein.  If attempts at informal resolution fail or would be inappropriate, an alleged violation of paragraph (1) may be raised through:  a) referral to the Committee; or b) formal presentation to the Court.  When the matter has been presented to the Court, the Court has discretion to send the matter to the Committee for facilitation.  However, nothing in this rule shall affect the Court's inherent power to use its processes to ensure that the practice of law before the Court is free from bias.  Where a Judge or Magistrate Judge is alleged to have engaged in biased behavior, enforcement of paragraph (1) shall be made with reference to Title 28 U.S.C. §372(c) and to the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability.

(5)  All communications by the parties and witnesses pursuant to an investigation under this rule shall be deemed confidential. Unless required by law, the Committee shall not retain written records of the facilitation processes.  However, the Committee may collect data on types of alleged violations or underlying anecdotes that might be useful in educational programs, provided that the identities of participants shall not be disclosed.

(6)  Notwithstanding the foregoing, any violation of paragraph (1) committed in the presence of the Court should be addressed promptly by the Court.  Any violation, whether or not committed in the presence of the Court (such as misconduct in the presence of witnesses or jurors), that affects the integrity of the judicial

3

process should be promptly raised with the Court.

ADOPTED:   January 10, 1995

GENERAL ORDER NO. 45

ELECTRONIC CASE FILING

I.    **Rules and Orders.**

A. Authorization. Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d). The following policies shall govern electronic filing in this district.

B. Modification by the court. In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders. Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

II.    **Definitions and Instructions.**

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system. Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site. An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing. The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

III.    Selection of Cases.

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

IV.    Registration, Appearance and Access.

A. Obligation to Register. Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B. Obligation to Keep Account Information Current. An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:
    1.) A Notice of Appearance should be filed whenever counsel joins a case.

2

2.) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.

3.) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.

4.) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.

5.) The replacement of one firm by another as counsel for a party also requires an order of the court.

Upon receipt of the preceding notifications, the Clerk of Court will update the record of appearances of counsel.

D.  Authorizing Use of User ID and Password by Others. An ECF User may authorize another person to file a document using the User ID and Password of the ECF User, and the ECF User shall retain full responsibility for any document so filed.

E. Access.

1.) Filing: Only an ECF user as defined in Section IV.A may file documents.

2.) Retrieval: Any person may review at the clerk's office all filings, electronic or paper, that have not been sealed by the court. Any person also may access the Electronic Filing System at the court's ECF web site by obtaining a PACER log-in and password. Any person who has PACER access may retrieve online docket sheets in civil and criminal cases which are not sealed, and may retrieve online documents which are not sealed with the following exceptions:

a.) Exceptions in Civil Cases: Any person who has PACER access may retrieve online electronically filed documents in civil cases other than Social Security appeals. Only counsel for a party to the case may retrieve online documents in a Social Security appeal.

b.) Exceptions in Criminal Cases (Limited Access filings): Any person who has PACER access may retrieve online electronically filed documents in criminal cases, except that counsel in criminal cases may designate particular filings as "Limited Access" if they contain sensitive personal information. Any document, filed in response to a Limited Access filing, that also refers to the personal information shall also be designated as Limited Access. The words LIMITED ACCESS shall be prominently displayed on any such documents so designated. Such documents can be retrieved at the clerk's office but may not be retrieved online.

V.    Filing and Service of Documents.

A. Initiating Documents. Complaints, indictments and informations, including superseding indictments and informations, and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically. For cases subject to ECF pursuant to Section III. above, all

3

previously filed documents shall be submitted in electronic form (PDF format only) within ten days. Submission of initiating documents must be made by email rather than by e-filing. A list of email addresses for the submission of PDF documents may be found at the ECF web site. In Bankruptcy appeal and Social Security appeal cases, the record from the court or agency below shall not be submitted electronically, but shall be submitted on paper only. Failure to email PDF copies of initiating documents timely shall be subject to such sanctions as may be imposed by the Court.

B. Documents Filed on Paper in Cases Designated for ECF. Whenever a paper filing is made of any document in a case designated for e-filing, the document shall be submitted in electronic form (PDF format only) within ten days via email to the appropriate email address. A list of email addresses for the submission of PDF documents may be found at the ECF web site.

C. Documents E-Filed in Cases Not Designated for ECF. Filings in cases not designated for electronic filing should be made on paper only. In the event a document is e-filed in a case not designated for electronic filing, the document must be submitted to the court for the purpose of completing the paper file; the document should not be filed again. The filer of the document should mark the paper copy clearly with "E-filed on [date]. Copy for paper file".

D. Service and Answer. Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint. The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to Section II.D above, the answer shall be filed electronically. If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

VI.    **Electronic Filing.**

A. Generally. In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF web site, except as provided otherwise in Section VII or authorized otherwise by the court.

B. Format. Documents filed electronically must be submitted in the PDF format. Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission

4

and retrieval. Only documents of which the filer possesses only a paper copy may be scanned to convert them to PDF format. (See Section X. for rules governing the filing of documents with signatures not those of the e-filer.)

C. Completion of Filing. Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

D. Deadlines. Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e., received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing shall be completed by that time. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office when assistance is available.

E. Technical Failures. The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document into the ECF system shall be the toll-free number posted on the ECF web site.

F. Docket. The record of filings and entries created by the ECF system for each case shall constitute the docket.

G. Courtesy Copies. In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy" and shall be clearly marked with the judge's name, case number, and "Chambers Copy-Do Not File." The printed copies shall be delivered to the Clerk's Office. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

VII.    Manual Filing.

5

A. Generally. Parties otherwise participating in ECF may be excused from filing a particular component electronically if it is not available in electronic format and it is not feasible for the filer to convert it to electronic format by scanning it. Such component shall not be filed electronically, but instead shall be manually filed with the Clerk of Court and served upon the parties in accordance with the applicable Federal Rules of Civil and Criminal Procedure and the Local Rules for filing and service of non-electronic documents. Parties manually filing a component shall file electronically a Manual Filing notification setting forth the reason(s) why the component cannot be filed electronically. Further information regarding the notification of the manual filing of a document can be found on the ECF web site.

1. Exhibits. Exhibits whose electronic original is not available to the filer and must therefore be scanned to PDF should be filed electronically only when the size of the document does not exceed the limit specified on the ECF web site. Scanning documents often produces files which are too large to be readily usable. Exhibits which are filed on paper because they are too large to scan should be represented in the electronic filing by a Notice of Manual Filing attached in place of the actual document.

B. Exclusions. Some types of documents shall only be filed conventionally and not electronically unless specifically authorized by the court. A list of documents to be filed manually may be found on the ECF web site.

VIII. Proposed Orders.

A. Generally. In addition to being filed, proposed orders in cases designated for e-filing shall be lodged with the court by being transmitted by electronic mail to the specific addresses for that purpose which may be found on the ECF web site.

B. Format. Documents transmitted pursuant to this section shall be submitted in an approved format, a list of which can be found on the ECF web site. When a proposed order accompanies a filing, a copy of the proposed order in PDF format should also be attached to its electronically filed document (e.g., stipulations and motions.)

IX. Service of Electronically Filed Documents.

A. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

6

B.  Parties in Cases Subject to ECF.  The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A. above, shall constitute service on the attorney or other persons in a case subject to ECF.

C.  Parties Who Have Not Registered as ECF Users.

    1.  Third Party Defendants.  Upon the filing of a third-party complaint in an action which is subject to ECF, the third-party plaintiff(s) shall serve notice upon the third-party defendant that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the third-party complaint. The third-party defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the third-party defendant is a registered ECF User pursuant to Section II.D above, the third-party answer shall be filed electronically.  If the third-party defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

    2.  Others.  In an action subject to ECF, when service of a document other than a third-party complaint is required to be made upon a person who is not a registered ECF User, a paper copy of the document shall be served on the person (as otherwise required by the Federal Rules of Civil and Criminal Procedure or the Local Rules), along with a copy of the ECF handout received by the filer at the time of opening the case which contains information necessary for registration.  If the person so served is permitted or required to respond to the document, such time to respond shall be computed without regard to ECF. The person shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the person is a registered ECF User pursuant to Section II.D above, the responsive document shall be filed electronically.  If the defendant is unable to electronically file the responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the responsive document in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

D.  Service of the Court's Orders.  Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing.  No paper service will be made by the court.

X.    Signatures.

A document filed with the court electronically shall be deemed to be signed by a person (the "Signatory") when the document identifies the person as a Signatory and the filing complies with either subparagraph A or B. Any filing in accordance with any of these methods shall bind the Signatory as if the document were physically signed and filed, and shall function as the Signatory's signature, whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules which will constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55. All signed orders will be filed electronically by the court or court personnel. Any order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in a conventional manner.

A. ECF Users. In the case of a Signatory who is an ECF User, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory.

B. Others. In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories. The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document. The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

C. Criminal Cases. Any document signed by a criminal defendant shall be scanned in its entirety to insure that an image of the defendant's signature is visible in the filing, notwithstanding the provisions of Section VI.B. Any document with multiple signatories in a criminal case shall be scanned in its entirety. Certain documents which may be used by other agencies shall be scanned in their entirety to include images of the signatures; a list of such documents will be found on the ECF web site.

XI.    Record on Appeal.

8

Until such time as the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit institute rules and procedures to accommodate Electronic Case Filing, notices of appeal to those courts shall be filed, and fees paid, in the traditional manner on paper rather than electronically. All further documents relating to the appeal shall be filed and served in the traditional manner as well. Appellant's counsel shall provide paper copies of the documents that constitute the record on appeal to the District Court Clerk's Office.

**XII.    Access to Rules.**

These policies, as well as operational guidelines and instructions, shall be posted on the ECF web site and may be published in official legal newspapers in this district. Any amendments to ECF procedures shall be similarly published.

ADOPTED:  12/15/98                    FOR THE COURT:
AMENDED: 1/16/01
AMENDED: 2/12/02
AMENDED: 4/8/03
AMENDED: 11/18/04                     /s/ Vaughn R Walker

                                      _____
                                      United States District Chief Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORDER OF THE CHIEF JUDGE

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date:  May 11, 2007

Vaughn R Walker
United States District Chief Judge

## INSTRUCTIONS FOR COMPLETION OF ADR FORMS
## REGARDING SELECTION OF AN ADR PROCESS
## (ADR LOCAL RULE 3-5)

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process. By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL." Please note that this form need not be filed jointly by all parties. Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

Rev. 12/05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

CASE NO. _____

ADR CERTIFICATION BY PARTIES
AND COUNSEL

v.

_____,
                    Defendant(s).
_____/

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies
that he or she has:

**(1)** Read the handbook entitled *"Dispute Resolution Procedures in the Northern District
of California"* on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed
copies are available from the clerk's office for parties in cases not subject to the court's
Electronic Case Filing program (ECF) under General Order 45);*

**(2)** Discussed the available dispute resolution options provided by the Court and private
entities; and

**(3)** Considered whether this case might benefit from any of the available dispute
resolution options.

Dated:_____

_____
[Party]

Dated: _____

_____
[Counsel]

When filing this document in ECF, please be sure to use the ADR Docket Event entitled
"ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

Rev. 12/05

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

            v.

_____,
                    Defendant(s).
_____/

CASE NO. _____

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
☐    Non-binding Arbitration (ADR L.R. 4)
☐    Early Neutral Evaluation (ENE)   (ADR L.R. 5)
☐    Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR must participate in an ADR phone conference and may not file this form.  They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**
☐    Private ADR *(please identify process and provider)* _____

_____

The parties agree to hold the ADR session by:
    ☐    the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)*

    ☐    other requested deadline _____

Dated:_____

Dated:_____

_____
Attorney for Plaintiff

_____
Attorney for Defendant

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:

☐     Non-binding Arbitration
☐     Early Neutral Evaluation (ENE)
☐     Mediation
☐     Private ADR

Deadline for ADR session
☐     90 days from the date of this order.
☐     other _____

IT IS SO ORDERED.

Dated:_____          _____

                                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


_____,
                    Plaintiff(s),

                                        CASE NO. _____

        v.                              NOTICE OF NEED FOR ADR PHONE
                                        CONFERENCE

_____,
                    Defendant(s).
_____/


Counsel report that they have met and conferred regarding ADR and that they:

□       have not yet reached an agreement to an ADR process
□       request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference _____

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference.*

Dated:_____                      _____
                                       Attorney for Plaintiff


Dated:_____                      _____
                                       Attorney for Defendant


When filing this document in ECF, please be sure to use the ADR Docket Event entitled
"Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."


Rev. 12/05



# Dispute Resolution Procedures

in the
Northern District
of California

# United States District Court





# Table of Contents

**Why does the court offer ADR?**..................................................................2
A Message from the Judges of the U.S. District Court

**How can ADR help in my case?**.................................................................4

**Which ADR processes does the court offer?**.....................................6
Arbitration........................................................................................................6
Early Neutral Evaluation..............................................................................9
Mediation.........................................................................................................12
Settlement Conferences................................................................................14
Other ADR Processes....................................................................................16

**Which is the most suitable ADR process for my case?**..............17
Chart.................................................................................................................18

**What else do I need to know?**................................................................20
Questions and Answers regarding:
       Procedures and timing for referring cases to ADR
       Concerns about ADR
       The ADR Multi-Option Program

**Where can I get more information?**.....................................................24

1



# Why Does the court offer ADR?

**A Message from the Judges of the U.S. District Court**

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly and efficiently as possible. The cases filed in our court present a wide range of issues and circumstances. No single process can be expected to meet the needs of all of these cases.

While traditional litigation can serve parties' interests well in some situations, many cases have needs that can be better met through other procedures. We offer a wide selection of non-binding alternative dispute resolution (ADR) options-each of which provides different kinds of services-so that parties can use the procedure that best fits the particular circumstances of their case.

As discussed in the following pages, ADR processes can offer numerous advantages over both formal litigation and direct negotiations between the parties. In contrast to formal litigation and direct negotiations, ADR procedures may lead to resolutions that are:

- faster
- less expensive
- more creative
- better tailored to all parties' underlying interests

We urge you to consider using an ADR process in any civil case, at any time. The court's professional ADR staff, which includes attorneys with expertise in ADR procedures, is available to help you select a suitable option or to customize an ADR procedure to meet your needs. Our ADR processes, which are governed by the court's ADR Local Rules, are available in each civil case, regardless of whether the case was assigned to a particular ADR program at filing.

**This handbook informs you about:**

- the benefits of ADR
- available ADR options
- selecting an appropriate ADR process
- procedures in ADR programs

To help ensure that you make informed choices, the court requires, under Civil Local Rule 16, that every attorney and client certify that they have read this handbook and considered the ADR options.  Reading this handbook is not a substitute for understanding the ADR Local Rules.  Be sure to consult the rules when selecting and participating in an ADR process.

We have committed substantial resources to our ADR programs because we are confident that litigants who use them conscientiously can save significant money and time and will often obtain more satisfying results.


Vaughn R. Walker
Chief Judge
For all the Judges of the Court



# How can ADR help in my case?

Most cases can benefit in some way from ADR.  The various ADR processes offer different types of benefits.  Each ADR process offers at least some of the following advantages over traditional litigation or direct settlement negotiations.

**Produce more satisfying results**

After litigating a case through trial, even the winners may feel they have lost.  The costs and time commitment on both sides may be enormous.  Sometimes neither side is satisfied with the result--and any relationship that may have existed between the parties is likely to have been severely strained.  On the other hand, ADR may:

- help settle all or part of the dispute much sooner than trial
- permit a mutually acceptable solution that a court would not have the power to order
- save time and money
- preserve ongoing business or personal relationships
- increase satisfaction and thus result in a greater likelihood of a lasting resolution

**Allow more flexibility, control and participation**

In formal litigation, the court is limited in the procedures it must follow and the remedies it may award–and submitting a case to a judge or jury can be extremely risky.  ADR processes are more flexible and permit parties to participate more fully and in a wider range of ways.  They afford parties more control by providing opportunities to:

- tailor the procedures used to seek a resolution
- broaden the interests taken into consideration
- fashion a business-driven or other creative solution that may not be available from the court
- protect confidentiality
- eliminate the risks of litigation

**Enable a better understanding of the case**

In traditional litigation, sometimes the parties stop communicating directly–and it is only after a significant amount of time and expensive discovery or motions that the parties understand what is really in dispute.  ADR can expedite the parties' access to information.  It can also

4

improve the quality of justice by helping the parties obtain a better understanding of their case early on.  It may:

- ▸ provide an opportunity for clients to communicate their views directly and informally
- ▸ help parties get to the core of the case and identify the disputed issues
- ▸ enhance the parties' understanding of the relevant law and the strengths and weaknesses of their positions
- ▸ help parties agree to exchange key information directly

**Improve case management**

Attorneys in litigation sometimes find it difficult, early in the case, to devise a cost-effective case management plan, reach stipulations or narrow the dispute.  An ADR neutral can help parties:

- ▸ streamline discovery and motions
- ▸ narrow the issues in dispute and identify areas of agreement and disagreement
- ▸ reach factual and legal stipulations

**Reduce hostility**

Due to its adversarial nature, litigation sometimes increases the level of hostility between sides, which can make communication more difficult and impede chances for settlement.  In contrast, a trained ADR neutral can:

- ▸ improve the quality and tone of communication between parties
- ▸ decrease hostility between clients and between lawyers
- ▸ reduce the risk that parties will give up on settlement efforts

**WHEN ADR MAY NOT BE USEFUL**

Although most cases can benefit in some way from ADR, some cases might be better handled without ADR.  These include suits in which:

- ▸ a party seeks to establish precedent
- ▸ a dispositive motion requiring little preparation will probably succeed
- ▸ a party needs the protections of formal litigation
- ▸ a party prefers that a judge preside over all processes

If your dispute might benefit from one or more of the listed advantages, you should seriously consider trying ADR and give careful thought to selecting the most appropriate process for your case.



# Which ADR processes does the court offer?

**The court sponsors four major ADR processes:**

▸     **Arbitration** (non-binding, or binding if all parties agree)

▸     **Early Neutral Evaluation**

▸     **Mediation**

▸     **Settlement Conferences** conducted by magistrate judges or district judges

Each of these programs is described separately in the next few pages.  Please consult the ADR Local Rules for more information.  The court's ADR staff will help parties customize an ADR process to meet their needs.

The court also makes available other dispute resolution processes and encourages parties to consider retaining the services of private sector ADR providers as discussed on page 16 and in ADR Local Rule 8-2.

## Arbitration

### Goal

The goal of court-sponsored arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial.  The award (a proposed judgment) in a non-binding arbitration may either:

▸     become the judgment in the case if all parties accept it, or
▸     serve as a starting point for settlement discussions

### Process

At the election of the parties, either one arbitrator or a panel of three arbitrators presides at a hearing where the parties present evidence through documents, other exhibits and testimony. The application of the rules of evidence is relaxed somewhat in order to save time and money.

The process includes important, trial-like sources of discipline and creates good opportunities to assess the impact and credibility of key witnesses:

- ▸ parties may use subpoenas to compel witnesses to attend or present documents
- ▸ witnesses testify under oath, through direct and cross-examination
- ▸ the proceedings can be transcribed and testimony could, in some circumstances, be used later at trial for impeachment

Arbitrators apply the law to the facts of the case and issue a non-binding award on the merits. Arbitrators do not "split the difference" and do not conduct mediations or settlement negotiations.

**Preservation of right to trial**

Either party may reject the non-binding award and request a trial *de novo* before the assigned judge, who will not know the content of the arbitration award. If no such demand is filed within the prescribed time, the award becomes the final judgment of the court and is not subject to appellate review. There is no penalty for demanding a trial *de novo* or for failing to obtain a judgment at trial that is more favorable than the arbitration award. Rejecting an arbitration award will not delay the trial date.

Parties may stipulate in advance to waive their right to seek a trial *de novo* and thereby commit themselves to be bound by the arbitration award.

**The neutral(s)**

The court provides the parties with a list of 10 trained arbitrators. Taking turns, the parties strike four names and rank the remaining six in order of preference. The court attempts to assign the parties' first choice.

All arbitrators on the court's panel have the following qualifications:

- ▸ admission to the practice of law for at least ten years
- ▸ for at least five years, spent a minimum of 50 percent of professional time litigating or had substantial experience as an ADR neutral
- ▸ training by the court

**Attendance**

Insurers of parties are strongly encouraged to attend the arbitration. The following individuals are required to attend:

- ▸ clients with knowledge of the facts
- ▸ the lead trial attorney for each party
- ▸ any witnesses compelled by subpoena

**Confidentiality**

      The arbitration award is not admissible at a subsequent trial *de novo*, unless the parties stipulate otherwise.  The award itself is sealed upon filing and may not be disclosed to the assigned judge until the court has entered final judgement in the action or the action is otherwise terminated.  Recorded communications made during the arbitration may, for limited purposes, be admissible at a trial *de novo*. See 28 U.S.C. § 657(c)(3).

**Timing**

      An arbitration may be requested at any time.  For cases assigned at filing, the arbitration hearing is generally held within six months of filing the last responsive pleading.  For later-referred cases, the hearing is generally held within 120 days after referral to arbitration.  The hearing date is set by the arbitrator(s) after consultation with the parties.

**Written submissions**

      The parties exchange and submit written statements to the arbitrator(s) at least 10 days before the arbitration.  The statements are not filed with the court

**Appropriate cases/circumstances**

      All civil cases are eligible.  Cases that do not meet the criteria for referral to arbitration at filing under ADR Local Rule 4-2 may not be referred to arbitration unless all parties consent in writing.  Cases with the following characteristics may be particularly appropriate for arbitration:

- only monetary (and not injunctive) relief is sought
- the complaint alleges personal injury, property damage or breach of contract
- the amount in controversy is less than $150,000
- the case turns on credibility of witnesses
- the case does not present complex or unusual legal issues

**Cost**

      There is no charge to the litigants.

**Governing rule**

      ADR Local Rule 4.

## Early Neutral Evaluation

### Goal

The goals of Early Neutral Evaluation (ENE) are to:

▸ enhance direct communication between the parties about their claims and supporting evidence
▸ provide an assessment of the merits of the case by a neutral expert
▸ provide a "reality check" for clients and lawyers
▸ identify and clarify the central issues in dispute
▸ assist with discovery and motion planning or with an informal exchange of key information
▸ facilitate settlement discussions, when requested by the parties

ENE aims to position the case for early resolution by settlement, dispositive motion or trial. It may serve as a cost-effective substitute for formal discovery and pretrial motions. Although settlement is not the major goal of ENE, the process can lead to settlement.

### Process

The evaluator, an experienced attorney with expertise in the subject matter of the case, hosts an informal meeting of clients and counsel at which the following occurs:

▸ each side–through counsel, clients or witnesses–presents the evidence and arguments supporting its case (without regard to the rules of evidence and without direct or cross-examination of witnesses)
▸ the evaluator identifies areas of agreement, clarifies and focuses the issues and encourages the parties to enter procedural and substantive stipulations
▸ the evaluator writes an evaluation in private that includes:
   ▸ an estimate, where feasible, of the likelihood of liability and the dollar range of damages
   ▸ an assessment of the relative strengths and weaknesses of each party's case
   ▸ the reasoning that supports these assessments
▸ the evaluator offers to present the evaluation to the parties, who may then ask either to:
   ▸ hear the evaluation (which must be presented if any party requests it), *or*
   ▸ postpone hearing the evaluation to:
      ▸ engage in settlement discussions facilitated by the evaluator, often in separate meetings with each side, *or*
      ▸ conduct focused discovery or make additional disclosures

> ▸ if settlement discussions do not occur or do not resolve the case, the evaluator may:
>   > ▸ help the parties devise a plan for sharing additional information and/or conducting the key discovery that will expeditiously equip them to enter meaningful settlement discussions or position the case for resolution by motion or trial
>   > ▸ help the parties realistically assess litigation costs
>   > ▸ determine whether some form of follow up to the session would contribute to case development or settlement

## Preservation of right to trial

The evaluator has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties' formal discovery, disclosure and motion practice rights are fully preserved. The confidential evaluation is non-binding and is not shared with the trial judge. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

## The neutral

The court's ADR staff appoints an ENE evaluator with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the evaluator if they perceive a conflict of interest.

All evaluators on the court's panel have the following qualifications:

▸ admission to the practice of law for at least 15 years
▸ experience with civil litigation in federal court
▸ expertise in the substantive law of the case
▸ training by the court

Many evaluators also have received the court's mediation training.

## Attendance

The following individuals are required to attend in person:

▸ clients with settlement authority and knowledge of the facts
▸ the lead trial attorney for each party
▸ insurers of parties, if their agreement would be necessary to achieve settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the ENE session.

10

**Confidentiality**

      Communications made in connection with an ENE session ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

      An ENE session may be requested at any time.  Usually, the time for holding the ENE session is:

      ▸     for cases in the ADR Multi-Option program (see page 22), presumptively within 90 days after the first Case Management Conference, but this date may be changed by the judge for good cause

      ▸     for other cases, generally 60-90 days after referral to ENE, or as otherwise fixed by the court

      The evaluator contacts counsel to schedule an initial telephone conference to set the date, time and location of the ENE session and to discuss how to maximize the utility of ENE.

**Written submissions**

      Counsel exchange and submit written statements to the evaluator at least 10 days before the ENE session.  ADR Local Rule 5-9 lists special requirements for intellectual property cases.  The statements are not filed with the court.

**Appropriate cases/circumstances**

      All civil cases are eligible, if the court has an available evaluator with the appropriate subject matter expertise.  Cases with the following characteristics may be particularly appropriate:

      ▸     counsel or the parties are far apart on their view of the law and/or value of the case

      ▸     the case involves technical or specialized subject matter-and it is important to have a neutral with expertise in that subject

      ▸     case planning assistance would be useful

      ▸     communication across party lines (about merits or procedure) could be improved

      ▸     equitable relief is sought-if parties, with the aid of a neutral expert, might agree on the terms of an injunction or consent decree

**Cost**

      The evaluator volunteers preparation time and the first four hours of the ENE session.  After four hours of ENE, the evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the evaluator for additional time at an hourly rate of $200, to be split among the parties as they determine.  The procedure continues only if all parties and the evaluator agree.  After eight hours in one or more ENE sessions, if all

parties agree, the evaluator may charge his or her hourly rate or such other rate that the parties agree to pay.

**Governing rule**
ADR Local Rule 5.

## Mediation

**Goal**
The goal of mediation is to reach a mutually satisfactory agreement resolving all or part of the dispute by carefully exploring not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.

**Process**
Mediation is a flexible, non-binding, confidential process in which a neutral lawyer-mediator facilitates settlement negotiations. The informal session typically begins with presentations of each side's view of the case, through counsel or clients. The mediator, who may meet with the parties in joint and separate sessions, works to:

- ▸ improve communication across party lines
- ▸ help parties clarify and communicate their interests and those of their opponent
- ▸ probe the strengths and weaknesses of each party's legal positions
- ▸ identify areas of agreement and help generate options for a mutually agreeable resolution

The mediator generally does not give an overall evaluation of the case. Mediation can extend beyond traditional settlement discussion to broaden the range of resolution options, often by exploring litigants' needs and interests that may be independent of the legal issues in controversy.

**Preservation of right to trial**
The mediator has no power to impose settlement and does not attempt to coerce a party to accept any proposed term. The parties' discovery, disclosure and motion practice rights are fully preserved. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

**The neutral**
The court's ADR staff appoints a mediator who is available and has no apparent conflicts of interest. The parties may object to the mediator if they perceive a conflict of interest.

All mediators on the court's panel have the following qualifications:

- ▸ admission to the practice of law for at least seven years
- ▸ experience in communication and negotiation techniques
- ▸ knowledge about civil litigation in federal court
- ▸ training by the court

## Attendance

The following individuals are required to attend the mediation session:

- ▸ clients with settlement authority and knowledge of the facts
- ▸ the lead trial attorney for each party
- ▸ insurers of parties, if their agreement would be necessary to achieve a settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the mediation.

## Confidentiality

Communications made in connection with a mediation ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the session, unless otherwise agreed.

## Timing

A mediation may be requested at any time. Usually, the time for holding the mediation is:

- ▸ for cases in the ADR Multi-Option program (see page 22), presumptively within 90 days after the first Case Management Conference, but this date may be changed by the judge for good cause
- ▸ for other cases, generally 60-90 days after the referral to mediation, or as otherwise fixed by the court

The mediator contacts counsel to schedule an initial telephone conference to set the date, time and location of the mediation session and to discuss how to maximize the utility of mediation.

## Written submission

Counsel exchange and submit written statements to the mediator at least 10 days before the mediation. The mediator may request or accept additional confidential statements that are not shared with the other side. These statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible.  Cases with the following characteristics may be particularly appropriate:

- ▸ the parties desire a business-driven or other creative solution
- ▸ the parties may benefit from a continuing business or personal relationship
- ▸ multiple parties are involved
- ▸ equitable relief is sought-if parties, with the aid of a neutral, might agree on the terms of an injunction or consent decree
- ▸ communication appears to be a major barrier to resolving or advancing the case

**Cost**

The mediator volunteers preparation time and the first four hours of the mediation.  After four hours of mediation, the mediator may either (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the mediator for additional time at an hourly rate of $200, to be split among the parties as they determine.  The mediation continues only if all parties and the mediator agree.  After eight hours in one or more mediation sessions, if all parties agree, the mediator may charge his or her hourly rate or such other rate that the parties agree to pay.

**Governing rule**

ADR Local Rule 6.

## Settlement Conferences

**Goal**

The goal of a settlement conference is to facilitate the parties' efforts to negotiate a settlement of all or part of the dispute.

**Process**

A judicial officer, usually a magistrate judge, helps the parties negotiate.  Some settlement judges also use mediation techniques to improve communication among the parties, probe barriers to settlement and assist in formulating resolutions.  Settlement judges might articulate views about the merits of the case or the relative strengths and weaknesses of the parties' legal positions.  Often settlement judges meet with one side at a time, and some settlement judges rely primarily on meetings with counsel.

**Preservation of right to trial**

The settlement judge has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms.  The parties may agree to a binding settlement.  If no settlement is reached, the case remains on the litigation track.  The parties' formal discovery, disclosure and motion practice rights are fully preserved.

14

**The neutral**

A magistrate judge or, in limited circumstances, a district judge conducts the settlement conference. The judge who would preside at trial does not conduct the settlement conference unless the parties stipulate in writing and the judge agrees. Parties may request a specific magistrate judge or rank several magistrate judges in order or preference. The court will attempt to accommodate such preferences.

Magistrate judges have standing orders setting forth their requirements for settlement conferences, including written statements and attendance. Questions about these issues should be directed to the chambers of the assigned magistrate judge.

**Attendance**

Settlement judges' standing orders generally require the personal attendance of lead counsel and the parties. This requirement is waived only when it poses a substantial hardship, in which case the absent party is required to be available by telephone. Persons who attend the settlement conference are required to be thoroughly familiar with the case and to have authority to negotiate a settlement.

**Confidentiality**

Communications made in connection with a settlement conference ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

The assigned judge may refer a case to a magistrate judge for a settlement conference at any time. The timing of the settlement conference depends on the schedule of the assigned magistrate judge.

**Written submissions**

Written settlement conference statements, when required, are submitted directly to the settlement judge. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- a client or attorney prefers to appear before a judicial officer
- issues of procedural law are especially important
- a party is not represented by counsel

15

**Cost**

There is no charge to the litigants.

**Governing rule**

ADR Local Rule 7.

## Other ADR Processes

**Customized ADR Processes**

The court's ADR staff will work with parties to customize an ADR process to meet the needs of their case or to design an ADR process for them.  An ADR staff member is available for a telephone conference with all counsel to discuss ADR options.  Clients are invited to join such conferences.

**Non-binding Summary Bench or Jury Trial**

The ADR staff can help parties structure a non-binding summary bench or jury trial under ADR Local Rule 8-1(a).  A summary bench or jury trial is a flexible, non-binding process designed to:

- ▸    promote settlement in complex, trial-ready cases headed for long trials
- ▸    provide an advisory verdict after an abbreviated presentation of evidence
- ▸    offer litigants a chance to ask questions and hear the reactions of the judge and/or jury
- ▸    trigger settlement negotiations based on the judge's or jury's non-binding verdict and reactions

**Special Masters**

The assigned judge may appoint a special master, whose fee is paid by the parties, to serve a wide variety of functions, including:

- ▸    discovery manager
- ▸    fact-finder
- ▸    host of settlement negotiations
- ▸    post-judgment administrator or monitor

**Private ADR Providers**

The court encourages parties to consider private sector ADR providers who offer services including arbitration, mediation, fact-finding, neutral evaluation and private judging.  Private providers may be lawyers, law professors, retired judges or other professionals with expertise in dispute resolution techniques.  They generally charge a fee.



# Which is the most suitable ADR process for my case?

Each ADR process meets different needs and circumstances. When selecting an ADR process, you should carefully consider the needs of your particular case or situation and identify the goals you hope to achieve through ADR.  Then select the ADR process that appears to maximize the potential for achieving your goals.

The chart on the next page may help you select an ADR process.  The chart summarizes the court's general observations about the major benefits of ADR and the extent to which the court's four major ADR processes are likely to accomplish them.  These are generalizations that the court believes are accurate in many, but not all, cases.  The likelihood that a particular ADR process will deliver a benefit depends not only on the type of process, but on numerous other factors including: the style of the neutral; the type and procedural posture of the case; and the parties' and counsel's attitudes and personalities, level of preparation, and experience with the particular ADR process.  The court's ADR staff is available to help you select or customize an ADR process to meet your needs.

**What if I don't have a lawyer?**
If you are not represented by a lawyer, the court suggests that you select the option of a magistrate judge settlement conference where your questions and concerns can be addressed directly by a judge who has experience working with unrepresented parties.  Volunteer mediators, evaluators, and arbitrators, who take only a few cases each year, sometime feel uncomfortable working with unrepresented parties, making it more difficult to place your case in these programs and potentially slowing down the process.  If you do select mediation, ENE or non-binding arbitration and we are unable to find a suitable neutral, your case will be redirected to a settlement conference with a magistrate judge.

# How likely is each ADR Process to deliver the specific benefit?

● = Very likely    ◐ = Somewhat likely    ○ = Unlikely

| | Arbitration | ENE | Mediation | SC |
|---|:---:|:---:|:---:|:---:|
| **ENHANCE PARTY SATISFACTION** | | | | |
| Help settle all or part of dispute | ○[1] | ◐[2] | ● | ●[3] |
| Permit creative/business driven solution that court could not offer | ○ | ◐[2] | ● | ◐[3] |
| Preserve personal or business relationships | ○[1] | ◐[2] | ● | ◐[3] |
| Increase satisfaction and thus improve chance of lasting solution | ○[1] | ◐[2] | ● | ◐[3] |
| **ALLOW FLEXIBILITY, CONTROL AND PARTICIPATION** | | | | |
| Broaden the interests taken into consideration | N/A | ◐[2] | ● | ◐[3] |
| Protect confidentiality | ◐[4] | ● | ● | ● |
| Provide trial-like hearing | ● | N/A | N/A | N/A |
| Provide opportunity to appear before judicial officer | N/A | N/A | N/A | ● |
| **IMPROVE CASE MANAGEMENT** | | | | |
| Help parties agree on further conduct of the case | N/A | ● | ◐[5] | ◐[3] |
| Streamline discovery and motions | N/A | ● | ◐ | ◐[3] |
| Narrow issues and identify areas of agreement | N/A | ● | ●[5] | ● |
| Reach stipulations | N/A | ● | ◐[5] | ● |
| **IMPROVE UNDERSTANDING OF CASE** | | | | |
| Help get to core of case and sort out issues in dispute | ◐ | ● | ● | ● |
| Provide neutral evaluation of case | ● | ● | ○ | ◐[3] |
| Provide expert in subject matter | ◐[6] | ● | ◐[6] | ◐[6] |
| Help parties see strengths and weaknesses of positions | ● | ● | ● | ● |
| Permit direct and informal communication of clients' views | ○ | ◐ | ● | ○[3] |
| Provide opportunity to assess witness credibility and performance | ● | ◐[7] | ◐[7] | ○ |
| Help parties agree to an informal exchange of key information | ○ | ● | ◐[5] | ◐[3] |
| **REDUCE HOSTILITY** | | | | |
| Improve communications between parties/attorneys | ○[1] | ● | ● | ◐[3] |
| Decrease hostility | ○ | ● | ● | ◐[3] |

**Notes**

1. Arbitration may provide this benefit when the award triggers or contributes to settlement discussions.

2.  ENE may provide this benefit when the parties use it for settlement discussions.  Many of the court's ENE evaluators also have been trained as mediators.

3. Depending on the settlement judge's particular style, a settlement conference may or may not deliver this benefit.

4. The arbitration award may not be disclosed to the assigned trial judge until the action is terminated.  Although the award is not admissible at a trial *de novo*, recorded communications made during the arbitration may be admissible for limited purposes.

5. Mediations may deliver this benefit, but they focus primarily on settlement.

6. Depending on the subject of the dispute, the neutral may have expertise.

7. This benefit may result if the parties participate actively in the joint session.



# What else do I need to know?

## How do I get my case into an ADR process?

There are three ways cases can enter an ADR process:

**At filing**
Some cases are presumptively assigned at filing to arbitration.  *See* ADR Local Rules 2-3(a) and 4-2.  Other cases are assigned at filing to the ADR Multi-Option Program.  *See* page 22 and ADR Local Rules 2-3(a) and 3-3.

**By stipulation/proposed order**
Counsel may file a stipulation and proposed order with the assigned judge.  *See* ADR Local Rule 2-3(b).

**By other order of the court**
The assigned judge may order the case into an ADR program at the request of a party or on the judge's own initiative.  *See* Local Rule 2-3(b).

## What if my case is assigned at filing to arbitration but I'd prefer a different ADR process?

If your case was assigned to arbitration at filing and you would prefer a different ADR process, you may switch processes if the assigned judge so orders, pursuant to the request of one party or stipulation of all parties.  You must submit this request within 60 days after the case was filed or within 20 days of the defendant's first appearance.  *See* ADR Local Rule 4-2(c).

## When can I get my case into an ADR process?

**At any time**
Counsel, individually or jointly, can request an ADR referral at any time.  The court encourages the use of ADR as early as it can be helpful.

**Before the Case Management Conference**
 If all parties agree on an ADR process before the initial Case Management Conference, which usually occurs about 120 days after filing, you should submit a stipulation and proposed order identifying the process selected and the time frame you prefer.

**At the Case Management Conference**
 If all parties have not yet agreed on an ADR process before the initial case management conference, you will discuss ADR with the judge at the conference. You are asked to state your ADR preferences in the Joint Case Management Statement you file before that conference.

## When is the best time to use ADR and how much discovery should I first complete?

 You should consider using ADR early, whether you are seeking assistance with settlement or case management. Conducting full-blown discovery before an ADR session may negate potential cost savings. If you are using ADR for settlement purposes, you should know enough about your case to assess its value and identify its major strengths and weaknesses.

## Will ADR affect my case's status on the trial track or disclosure and discovery?

 Assignment to an ADR process generally does not affect the status of your case in litigation. Disclosure, discovery and motions are not stayed during ADR proceedings unless the court orders otherwise. Judges sometimes postpone case management or status conferences until after the parties have had an ADR session. If your case does not settle through ADR, it remains on the litigation track.

## How might ADR be better than the parties meeting on their own?

**Getting settlement discussions started**
 Sometimes advocates are reluctant to initiate settlement discussions. The availability of multiple ADR options and the ADR staff allows a party to explore settlement potential without indicating any litigation weakness.

**Saving time and money**
 For various reasons, direct settlement discussions often do not occur until late in the lawsuit after much time and money have been spent. A substantial amount of time and money can be saved if parties actively explore settlement early in the pretrial period. An ADR process can provide a safe and early opportunity to discuss settlement.

21

**Providing momentum and a "back up"**

Often parties successfully negotiate an early resolution to their dispute on their own. Even if you are negotiating a settlement without the assistance of a neutral, you should still consider having your case referred to an ADR process to use as a "back up" in the event the case does not settle. Meanwhile, knowing that you have a date for the ADR process may help provide momentum and a "deadline" for your direct settlement discussions.

**Overcoming obstacles to settlement**

The adversarial nature of litigation often makes it difficult for counsel and parties to negotiate a settlement effectively. An ADR neutral can help overcome barriers to settlement by selectively using information from each side to:

- ▸ help parties engage in productive dialogue
- ▸ help each party understand the other side's views and interests
- ▸ communicate views or proposals in more palatable terms
- ▸ gauge the receptiveness to proposals
- ▸ help parties realistically assess their alternatives to settlement
- ▸ help generate creative solutions

**Improving case management**

Discovery can be broad and expensive, and sometimes fails to focus on the most important issues in the case. An early meeting with a neutral such as an ENE evaluator may help parties agree to a focused, cost-effective discovery plan or may help them agree to exchange information informally.

## Won't I risk giving away my trial strategy in ADR?

About 98 percent of civil cases in our court are resolved without a trial. If you don't raise your best arguments in settlement discussions, you risk failing to achieve the best result for your side. Although you need not reveal in an ADR session sensitive information related to trial strategy, you might find it useful to raise it in a confidential separate session with the neutral (available after the evaluator prepares the evaluation in ENE, or at any time in mediation or a settlement conference). You can then hear the neutral's views of the significance of the information and whether or when sharing it with the other side may benefit you in the negotiations.

## What is the ADR Multi-Option Program?

If your case is assigned automatically to the ADR Multi-Option program governed by ADR Local Rule 3, you will be notified on the initial case management scheduling order. In this program, you are presumptively required to participate in one non-binding ADR process offered by the court or, with the assigned judge's permission, in an ADR process offered by a private provider.

22

We encourage you to discuss ADR with the other side and stipulate to an ADR process as early as feasible.  If you do not stipulate early, you may be required to participate in a joint telephone conference with an ADR staff member to consider suitable ADR options for your case. If you have not stipulated before your case management conference, you will discuss ADR with the judge who may refer you to one of the court's ADR processes.

## What is an ADR Phone Conference and how do I schedule one?

During ADR Phone Conferences, the court's ADR staff helps counsel select or customize an ADR process that meets the needs of the parties.  Clients are encouraged to participate.  You may contact the ADR Unit to schedule an ADR Phone Conference.



# Where can I get more information?

**Website**

Our website at **www.adr.cand.uscourts.gov** contains information about the court's ADR Programs, including the contents of this ADR handbook, the ADR Local Rules, ADR Forms and an application to serve as a neutral.

**Clerks' Office**

You may obtain copies of this handbook and the ADR Local Rules from the intake counter at the Clerk's Office.  The phone number of the Clerk's Office in San Francisco is (415) 522-2000.

**Court Library**

The court's library on the 18th floor of the Federal Building and United States Courthouse in San Francisco is open to counsel and clients who have cases pending before the court.  The library has a collection of resources on ADR.  The collection includes an "ENE Handbook," which was prepared by the court for evaluators, but which might be helpful to counsel and clients with cases in ENE.  The library's telephone number is (415) 436-8130.

**ADR Unit**

For information about selecting an ADR process or customizing one for your case, conflicts of interest, becoming a neutral or for other information, contact:

ADR Unit - U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102
Tel: (415) 522-2199
Fax: (415)522-4112
E-mail: ADR@cand.uscourts.gov
Internet: www.adr.cand.uscourts.gov

Revised 10/04                                                                    ✪ Printed on recycled paper